UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EUGENE D. CHRISTENSEN, | CIV. NO. 12-2995 (SRN/JSM) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| PENNYMAC LOAN SERVICES, LLC, et.al. | |
| Defendant. | |

This matter came before the undersigned on defendants' Amended Motion to Dismiss [Docket No. 5]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c). Pursuant to this Court's Order dated August 9, 2013 [Docket No. 11] this Report and Recommendation is being issued based on the parties' written submissions.

Plaintiff seeks to invalidate the foreclosure of the mortgage on his home, and to enjoin the redemption period while his suit is pending. Plaintiff asserts three claims against defendants: (1) negligent misrepresentation; (2) promissory estoppel; and (3) a violation of the Minnesota Residential Mortgage Originator and Servicer Licensing Act, Minn. Stat. §58.13. For the reasons below, the Court recommends that defendants' Motion to Dismiss be granted and plaintiff's claims be dismissed with prejudice.[1]

---

[1] In the caption of his Complaint, plaintiff also purports to sue "all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein." As "[t]here are no factual allegations sufficient to identify these unnamed defendants or state a claim against them;" the Court therefore recommends that all claims against them be dismissed. See Sonsalla v. Mortgage Elec. Registration Sys., Inc., Civ. No. 13-659, 2013 WL 4052825, at *1 (D. Minn. Aug. 9, 2013) (citing Estate of Rosenberg ex rel. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995)

## I. BACKGROUND

### A. Plaintiff's Complaint

On October 23, 2012, plaintiff, who is pro se, sued PennyMac Loan Services, LLC ("PennyMac") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "defendants") in state court. Notice of Removal, Ex. B (Complaint) [Docket No. 1-1]. Defendants removed the suit to Federal District Court on November 28, 2012, pursuant to 28 U.S.C. §1332(a). Notice of Removal, p. 2 [Docket No. 1].

The facts as alleged in plaintiff's Complaint are as follows. Plaintiff entered into a residential mortgage and note with PennyMac on August 24, 2007, the successor in interest of the loan by CitiMortgage, for property located in Worthington, Minnesota. Complaint, ¶¶5, 8.[2] Plaintiff's monthly mortgage payment was $932.41. Id., ¶7. In July,

---

(affirming dismissal of unidentified defendants about whom no factual allegations were made)).

[2] The documents defendants submitted in connection with their Amended Motion to Dismiss clarified the history of plaintiff's mortgage. Affidavit of Mark Schroeder ("Schroeder Aff."), Exs. A (recorded copy Mortgage between MERS and plaintiff dated August 24, 2007), B (recorded copy of Assignment of Mortgage from MERS to CitiMortgage, Inc. dated February 9, 2010); C (recorded copy of Assignment of Mortgage from CitiMortgage to PennyMac dated June 27, 2010). As the documents show, the original mortgagee was MERS, which assigned the mortgage to CitiMortgage, which in turn assigned the mortgage to defendant PennyMac. As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d). "The court, however, 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment. See Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted)); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

2009, plaintiff applied for a loan modification with CitiMortgage. Id., ¶9. Plaintiff alleged that CitiMortgage advised him to stop making his mortgage payments and allow the loan to go into default while the loan modification was being processed. Id., ¶10. Neither CitiMortgage nor PennyMac informed plaintiff that his mortgage was being serviced by PennyMac, not CitiMortgage. Id., ¶12. Until PennyMac's counsel told plaintiff that PennyMac was beginning foreclosure proceedings, plaintiff had not been notified that his mortgage payments were late. Id., ¶13. Plaintiff contacted PennyMac's counsel, advising counsel that a loan modification was in process, or that he did not know the status of his requested loan modification to CitiMortgage. Id., ¶ 14. Plaintiff also contacted PennyMac and he was offered the chance to submit another loan modification. Id., ¶15. Plaintiff was also advised that he qualified for a loan modification under the Making Homes Affordable Act and that he could not make payments on his loan. Id. Plaintiff submitted documentation to support a modification on May 25, 2012, and on June 14, 2012, he received notice that the loan modification was in process. Id., ¶¶15, 16.

On July 9, 2012, plaintiff was notified that the loan modification was denied. Id. On August 17, 2012, PennyMac invited plaintiff to apply for a loan modification and plaintiff submitted the required documentation. Id., ¶17. On August 28, 2012, PennyMac denied plaintiff's application for a loan modification—ostensibly because plaintiff was in default. Id., ¶17. On September 21, 2012, plaintiff was notified that the property would be sold at a foreclosure sale.[3] Id., ¶18.

---

[3] The Sheriff's Certificate of Sale states that the property was sold on October 31, 2012 to PennyMac for $59,397. Schroeder Aff., Ex. D.

3

Plaintiff alleged the following causes of action:

Count I sought a permanent and temporary injunction to toll and extend the redemption period[4] pending a decision on the merits of the Complaint. Id., ¶¶20-22.

Count II alleged negligent misrepresentation against defendants, contending that they communicated false and misleading information to plaintiff and that in reliance on this false information, plaintiff stopped making his mortgage payments and believed that he had received a loan modification. ¶¶24-27.

Count III alleged promissory estoppel based on defendants' representation that plaintiff had been approved for a loan modification and their instruction to plaintiff to stop making his mortgage payments, plaintiff relied on their promises and ceased making payments, while continuing to make efforts to comply with their requests for documentation. Id., ¶¶29-33.

Count IV alleged that defendants made a false, deceptive or misleading statement in connection with a residential mortgage in violation of the Minnesota Residential Mortgage Originator and Servicer Licensing Act, Minn. Stat. §58.13.

As relief, plaintiff sought money damages and equitable relief. Id., Prayer for Relief.

### B. Defendants' Motion to Dismiss

In lieu of answering, defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Docket No. 5]. Defendants contended that the promissory estoppel count was barred by the Minnesota Credit Agreements ("MCA") statute, Minn. Stat. §513.33. Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def.

---

[4] The statutory redemption period is six months. See Minn. Stat. §580.23.

Mem."), pp. 6-9 [Docket No. 7]. Pursuant to this statute, credit agreements must be "in writing, expressing consideration, setting forth the relevant terms and conditions, and [be] signed by the creditor and debtor." Thus, to the extent that plaintiff alleged that CitiMortgage or PennyMac entered into an oral loan modification, the MCA statute required the agreement to be in writing, and no such writing existed here. Id., p. 7. Further, defendants argued that it is well-established that an alleged oral modification to a mortgage cannot be enforced through a promissory estoppel claim. Id. (citing Gould v. CitiMortgage, Inc., Civ. No. 11-1982 (DWF/JSM), 2012 WL 1005035, at *2 (D. Minn. Mar. 26, 2012) (MCA statute barred promissory estoppel claim for alleged oral promise to modify a loan); Myrlie v. Countrywide Bank, N.A., 775 F. Supp.2d 1100, 1109 (D. Minn. 2011) (MCA statute bars promissory estoppel claim for alleged oral promise to modify a loan); Olivares v. PNC Bank, N.A., Civ. No. 11-1626 (ADM/JJK), 2011 WL 4860167, at *5 (D. Minn. Oct. 13, 2011) (breach of oral contract and promissory estoppel barred by MCA statute); Brisbin v. Aurora Loan Servs.,LLC, Civ. No. 10-2130 (RHK/JJK), 2011 WL 1641979, at *2-3 (D. Minn. May 2, 2011) (same)).

Defendants further argued that even assuming the claim was not barred by the MCA, the alleged promise was insufficient to support a promissory estoppel claim. Id., p. 8 (citing Freitas v. Wells Fargo Home Mortgage, 703 F.3d 436, 439-441 (8th Cir. 2013)). Defendants asserted that even if a promise to enter into a loan modification was made, PennyMac's subsequent denial of the loan modification negated the promise. Id.

Defendants sought dismissal of plaintiff's fraud-based claims (Count II for negligent misrepresentation and Count IV for violation of Minn. Stat. §581.13) on the

5

grounds that plaintiff did not allege any misrepresentations by MERS and the allegedly fraudulent misrepresentation that plaintiff had qualified for a loan modification was made by CitiMortgage, a non-party, not PennyMac. Id., p. 10. At any rate, the Eighth Circuit in Freitas held that statements that borrowers "would qualify" for a loan modification and their mortgages "would" be modified were future predictions and insufficient to support a fraud claim. Id. (citing Freitas, 703 F.3d at 439).

Defendants also submitted that plaintiff's fraud-based claims failed because he did not plead detrimental reliance on statements made by the defendants. Id., pp. 10-11. Plaintiff alleged that he stopped making his mortgage payments based a statement allegedly made by a CitiMortgage employee, not by PennyMac or MERS. Id. Further, plaintiff's alleged belief that he had received a loan modification was not reasonable in light of the fact that PennyMac informed him twice that the loan modification had been denied and then informed him of the foreclosure. Id.

In addition, defendants argued that having failed to allege the "who, what, where, when and how" of any purported misrepresentations by PennyMac or MERS, that the fraud-based claims had to be dismissed because plaintiff had failed to plead the fraud claims with the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Id., pp. 11-12 (citations omitted).

Defendants further submitted that Count IV, which sought relief under Minn. Stat. §58.13, sub. 1(b)(19), had to be dismissed because plaintiff failed to allege that any public statements were made in connection with his mortgage. Id., p. 13. Minn. Stat. §58.13, subd. 1(b)(19) prohibits false, deceptive or misleading public statements by persons acting as a residential mortgage originator or servicer regarding mortgage

loans and here, no public statement was made. Id. In addition, Minn. Stat. §58.13 does not require a loan servicer to modify a loan, nor does the statute apply to MERS, which does not originate or service loans. Id., pp. 13-14.

Lastly, defendants argued that Count I, seeking injunctive relief, had to be dismissed as it was in the nature of a remedy, not a substantive cause of action. Id., pp. 14-15 (citations omitted). In light of the fact that plaintiff's substantive claims were subject to dismissal, the remedy of injunctive relief was not available. Id., p. 15.

Plaintiff did not respond to defendants' motion to dismiss, despite being ordered to do so. Order, August 9, 2013. Plaintiff's failure to respond amounts to a waiver, and on that basis alone, defendants' motion to dismiss should be granted. Mark v. Ault, 498 F.3d 775, 786 (8th Cir. 2007) (holding that failure to raise or address an issue constitutes abandonment) (citation omitted); Hewitt v. City of Minneapolis, Civ. No. 12-2132(DWF/FLN), 2013 WL 718189, at *5, n.6 (D. Minn. Feb. 27, 2013) (plaintiff waived any arguments in opposition to defendants' motion to dismiss by failing to respond); Koenen v. Homecomings Fin., LLC, Civ. No. 11-945(DWF/SER), 2011 WL 3901874, at *2 (D. Minn. Sept. 2, 2011) (plaintiff's failure to respond to defendant's motion to dismiss warranted dismissal "on that basis alone"); see also Gharwal v. Federal Nat'l Mortgage Ass'n, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *1, n.2 (dismissing slander of title claim for failure to respond to defendants' arguments in favor of dismissal). Nevertheless, the Court considered the motion on its merits and recommends that defendants' motion be granted and the suit dismissed with prejudice.

## II. LEGAL STANDARDS

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true. Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from those allegations. Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiff is pro se. Therefore, his Complaint must be read liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) (pro se litigants are held to a lesser pleading standard than represented parties).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation." Iqbal, 556 U.S. at 662 (internal quotation marks and citations omitted). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly,

550 U.S., at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. DISCUSSION

#### A. Negligent Misrepresentation – Count II

In reading what appear to be the factual predicates of this Count, the Court believes it is based on some unnamed person at CitiMortgage advising plaintiff to stop making his mortgage payments and allow his loan to go into default "while the modification was processed," and a statement by someone at PennyMac that he "qualified" for a modification and he would not be able to make payments on his loan. Complaint, ¶¶10, 15.

Under Minnesota law, a person makes a negligent misrepresentation when (1) in the course of his or her business, profession, or employment, or in a transaction in which he or she has a pecuniary interest, (2) the person supplies false information for the guidance of others in their business transactions, (3) another justifiably relies on the information, and (4) the person making the representation has failed to exercise

9

reasonable care in obtaining or communicating the information. Valspar Refinish, Inc. v. Gaylord's, Inc., 764 N.W.2d 359, 369 (Minn. 2009). Further, "[u]nder Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud which must be pled with particularity." Trooien v. Mansour, 608 F.3d 1020, 1028 (8th Cir. 2010). As a result, the heightened pleading requirements of Rule 9(b) apply to claims of negligent misrepresentation.

Under this heightened standard, the plaintiff must plead "'such matters as the time, place and contents of false representations, as well as the identity of the person making the representations and what was obtained or given up thereby.'" Freitas, 703 F.3d at 439 (quoting Ables v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001)). "In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where and how: the first paragraph of any newspaper story." Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (quotation and citations omitted."

As argued by defendants, Count II fails on several grounds. First, there are no facts alleged against MERS or PennyMac to support a claim of negligent misrepresentation against either entity. Second, plaintiff failed to plead sufficient facts to support any of the elements of negligent misrepresentation (including reliance), much less facts with the requisite particularity dictated by Rule 9(b). Third, statements that borrowers "would qualify" for a loan modification and their mortgages "would" be modified were future predictions and insufficient to support a fraud claim. Freitas, 703 F.3d at 439.

10

For all of these reasons, Count II alleging negligent misrepresentation should be dismissed.

B. **Promissory Estoppel – Count III**

Plaintiff pled that that "defendants" represented that he had been approved for a loan modification, instructed him to stop making mortgage payment, and in reliance on those representations, he stopped making his mortgage payments. Complaint, ¶¶29-31.

"[Promissory estoppel] requires proof that 1) a clear and definite promise was made, 2) the promisor intended to induce reliance and the promisee in fact relied to his or her detriment, and 3) the promise must be enforced to prevent injustice." Martens v. Minn. Mining & Mfg. Co., 616 N.W.2d 732, 746 (Minn. 2000). The promisee's reliance must be reasonable. Northern Petrochemical Co. v. United States Fire Ins. Co., 277 N.W.2d 408, 410 (Minn. 1979). Equitable estoppel applies only where no contract exists. Banbury v. Omnitrition Int'l, Inc., 533 N.W.2d 876, 881 (Minn. Ct. App. 1995) (citing Sacred Heart Farmers Coop. Elevator v. Johnson, 232 N.W.2d 921, 923, n. 1 (Minn.1975)). A party is eligible to assert estoppel "only if the other party's conduct led it to change its position." Continental Cas. Co. v. Knowlton, 232 N.W.2d 789, 797 (1975). In other words, a plaintiff must show reliance on the promise "to his injury, detriment or prejudice." Kmart Corp. v. County of Stearns, 710 N.W.2d 761, 771 (Minn. 2006); see also Stumm v. BAC Home Loans Serv., LP, 914 F.Supp. 2d 1009, 1018 (D. Minn. 2012) ("detrimental reliance is a critical element of equitable estoppel"); Krutchen v. Zayo Bandwidth Northeast, LLC, 591 F.Supp. 2d 1002, 1017 (D. Minn. 2008) (detrimental reliance requires an actual change in a party's position).

Even assuming that some or all of the elements of promissory estoppel were properly pled and with the factual support required by Iqbal and Twombly (and they were not), enforcing an alleged promise to modify plaintiff's loan (the terms of which also were not described) would constitute an "end run" around the MCA statute, which requires a loan modification to be in writing and signed by both parties before it is enforceable. See Tharaldson v. Ocwen Loan Serv., LLC, 840 F. Supp.2d 1156, 1162-1163 (D. Minn. 2011) (an alleged loan modification is a credit agreement within the purview of the MCA statute); Myrlie, 775 F. Supp.2d at 1108-1109 (same); see also Labrant v. Mortgage Elect. Reg. Sys., Inc., 870 F.Supp.2d 671, 677 (D. Minn. 2012) ("In Olivares. . . this Court stated that 'Minnesota courts have held that plaintiffs are barred from asserting a promissory estoppel claim where they lack a sufficient writing under Minn. Stat. § 513.33, subd. 2.' If plaintiffs could assert promissory estoppel claims in such situations, they 'could make an easy end-run around the Minnesota Credit Agreement Statute.' Brisbin, 2011 WL 1641979, at *3. The Court's holdings in Myrlie, Tharaldson, Olivares, and Sovis[5] are on point in this case, and the Court finds that Plaintiffs' cannot assert a promissory estoppel claim based on their alleged oral modification agreement."). Here, any alleged promise of a loan modification was oral, and cannot be enforced. Thus, Plaintiff's promissory estoppel claim must be dismissed because it is barred by the MCA statute and fails to meet the standards articulated in Iqbal and Twombly.

---

[5] Sovis v. Bank of New York Mellon, Civ. No. 11-2253 (DWF/LIB), 2012 WL 733758 (D. Minn. Mar. 6, 2012).

### C. Claims Arising Out of Minn. Stat. §58.13 -- Count IV

Plaintiff alleged that "defendants" violated the Minnesota Residential Mortgage Originator and Servicer Lending Act, Minn. Stat. §58.13, subd. 1(b)(19), by making a false, deceptive or misleading statement "relating to the business of residential mortgage loans." Complaint, ¶35.

Minn. Stat. §58.13, subd.1(a)(9) prohibits any "person acting as a residential mortgage originator or servicer" from "mak[ing], publish[ing], disseminat[ing], circulat[ing] plac[ing]before the public or caus[ing] to be made, directly or indirectly, by advertisement or marketing materials of any type, or any statement or any statement or representation relating to the business of residential mortgage loans that is false, deceptive or misleading."

"Allegations of false, deceptive, or misleading statements under Minn. Stat. §58.13, subd. 1(a)(9) are considered to be allegations of fraud and must be pled with particularity under Federal Rule of Civil Procedure 9(b)." See Doran v. Selene Fin., LP, Civ. No. 12-886 (SRN/FLN) 2013 WL 53840, at *4 (D. Minn. Jan. 3, 2013) (citing Weller v. Accredited Home Lenders, Inc., Civ. No. 08–2798 (JRT/SRN), 2009 WL 928522, at *6 (D. Minn. Mar. 31, 2009)). To satisfy this heightened pleading requirement, plaintiffs must set forth the "who, what, when, where, and how" of an alleged misrepresentation. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). A general allegation that a lender promised to modify a mortgage loan does not give the lender notice of the time, place, or manner in which the supposed misrepresentations took place such that it can prepare a defense. Doran, 2013 WL 53840, at *4.

The Minnesota Department of Commerce has jurisdiction over enforcement of Minn. Stat. §58.13. Timeline, LLC v. Williams Holdings No. 3, LLC, 698 N.W.2d 181, 189, fn.4 (Minn. Ct. App. 2005) (citations omitted). Therefore, a violation of Minn. Stat. §58.13 alleged by an individual must be brought pursuant to the private attorney general statute, Minn. Stat. §8.31, subd. 3a. A private right of action under Minn. Stat. §8.31, subd. 3a is "only given 'to those claimants who demonstrate that their cause of action benefits the public.'" Id. at 189 (quoting Ly v. Nystrom, 651 N.W.2d 302, 314 (Minn. 2000)). Alleging a pattern or practice of failing to verify a borrower's ability to repay a mortgage would be sufficient to permit a private party to sue under Minn. Stat. §58.13. Kataviravong v. Mirabella Mortg., LLC, Civ. No. 12-493 (ADM/JJG), 2012 WL 2045957, at *5 (D. Minn. June 6, 2012).

Plaintiffs' claims under Minn. Stat. §58.13 fail for three reasons. First, the Complaint failed to plead this claim with the requisite particularity under Rule 9(b). The Complaint does not state the "who, what, where, when, and how" of the alleged false, deceptive or misleading statements. Additionally, the claim failed to distinguish between the two defendants, one of which, MERS, is not a loan originator or servicer and, therefore, is not within the purview of the statute.

Second, the event complained of—a loan modification that never occurred—was not a "loan" within the meaning of the statute and, therefore, the statute does not apply to this non-transaction. As defendants point out, a servicer's failure to follow through with an oral representation that it would modify a loan does not give rise to a cause of action under Minn. Stat. §58.13. Def. Mem., p. 13; Doran, 2013 WL 53840, at *4

14

Third, even if plaintiff could establish that the statute applied to him, he has not pled a public interest sufficient to allow a private right of action under Minn. Stat. §8.31. Indeed, plaintiff's Complaint is entirely silent on the topic of public interest. However, even if plaintiff had pled a public interest, it is clear from the relief plaintiff sought—tolling of the redemption period and money damages—that the remedies were personal to him and of no benefit to the public. See Buetow v. A.L.S. Enterps., Inc., 888 F.Supp. 2d 956, 961 (D. Minn. 2012) ("Although there exists no hard-and-fast rule, a public benefit typically will be found when the plaintiff seeks relief primarily aimed at altering the defendant's conduct (usually, but not always, through an injunction) rather than seeking remedies for past wrongs (typically through damages). This is because individual damages. . . do not advance a public interest.") (citing Zutz v. Case Corp., Civ. No. 02-1776 (PAM/RLE), 2003 WL 22848943, at *4 (D. Minn. Nov. 21, 2003) ("Where recovery is sought for the exclusive benefit of the plaintiff, there is no public benefit.")

In sum, the Court concludes that plaintiff did not and cannot state a claim under Minn. Stat. §58.13, nor does he nor can he have standing to bring such a claim. This claim should be dismissed.

  **D.**  **Injunctive Relief – Count I**

In Count I, plaintiff sought a temporary and permanent injunction extending the time for redemption pending a decision on the merits of his Complaint. Complaint, ¶¶20-22. The claim for injunctive relief is a request for a remedy, not a separate cause of action. See Motley v. Homecomings Fin., LLC, 557 F. Supp.2d 1005, 1014 (D. Minn. 2008) (an injunction is a remedy, not a separate cause of action). Having determined

that all of plaintiff's substantive claims must be dismissed, plaintiff's claim for temporary and injunctive relief must be denied.

E. **Dismissal with Prejudice**

"Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend." Michaelis v. Nebraska State Bar Ass'n., 717 F.2d 437, 438-39 (8th Cir. 1983). Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate. See McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice. Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."); McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); Ikechi v. Verizon Wireless, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797, at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791, at *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of

Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).

Here, in light of the fact that the Court has determined that plaintiff simply does not have any viable causes of action based on non-party CitiMortgage's failure to modify his mortgage loan or PennyMac's alleged representation that he "qualified" for a loan modification, the Court can conceive of no set of circumstances through which the defects in the Complaint could be cured by re-pleading. It was also significant to this Court that plaintiff never responded to defendants' motion to dismiss nor took steps to rectify the deficiencies identified by defendants by amending his pleading once as a matter of course within 21 days after service of a motion under Rule 12(b)(6), or by motion seek leave of Court after the 21 days have passed. See Fed. R. Civ. P. 15(a)(1)(B). For all of these reasons, the Court recommends dismissal of plaintiff's suit with prejudice.

## IV. RECOMMENDATION

For the reasons set forth above, it is recommended that:

(1) Defendants' Amended Motion to Dismiss [Docket No. 5] be **GRANTED.**

(2) This matter be dismissed with prejudice.


Dated: December 3, 2013              *Janie S. Mayeron*
                                     JANIE S. MAYERON
                                     United States Magistrate Judge

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 17, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.